**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-1333**

———————————

JAMES LYONS; POLLY LYONS,

              Petitioners,

        v.

FEDERAL ENERGY REGULATORY COMMISSION,

              Respondent.

———————————

On Petition for Review of an Order of the Federal Energy
Regulatory Commission. (2210-206)

———————————

Submitted:  February 27, 2012        Decided:  March 8, 2012

———————————

Before MOTZ, DAVIS, and DIAZ, Circuit Judges.

———————————

Petition denied by unpublished per curiam opinion.

———————————

William M. Stanley, Jr., STANLEY AND STANLEY LLC, Moneta,
Virginia, for Petitioners.  Michael A. Bardee, General Counsel,
Robert H. Solomon, Solicitor, Holly E. Cafer, FEDERAL ENERGY
REGULATORY COMMISSION, Washington, D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James and Polly Lyons (hereinafter "Petitioners") petition this court for review of the Federal Energy Regulatory Commission's ("FERC") order denying their request for rehearing on FERC's prior notice denying as untimely Petitioners' request for rehearing on a decision following staff action. For the reasons that follow, we deny the petition for review.

We will set aside FERC's order only if we conclude that its denial of rehearing was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," see 5 U.S.C. § 706(2)(A) (2006), or "contrary to constitutional right, power, privilege, or immunity." See 5 U.S.C. § 706(2)(B) (2006). Further, we will defer to FERC's reasonable interpretation of its regulations. See Ohio Valley Envtl. Coal. v. Aracoma Coal Co., 556 F.3d 177, 193-94 (4th Cir. 2009).

Petitioners sought to file a belated request for rehearing on a letter ruling that FERC properly classified as a decision following staff action. See 18 C.F.R. § 385.1902(a) (2012). A request for rehearing on such a decision must be filed within thirty days, which it was not. Id.; see also 18 C.F.R. § 385.713(a)(1), (b) (2012) (mandating that a party seek rehearing from any final FERC decision "or other final order, if rehearing is provided for by statute, rule, or order"). In denying Petitioners' request for rehearing, FERC rejected

2

Petitioners' various reasons to excuse the untimely filing of their request for rehearing.

Based on our review of the record, as well as the governing statutes and regulations, we conclude that FERC's decision to deny Petitioners' belated request for rehearing was not arbitrary or capricious, violative of any law or constitutional right, or an abuse of FERC's considerable discretion. In denying rehearing, FERC interpreted and applied the governing regulations in conformity with their plain meaning. See Ohio Valley Envtl. Coal., 556 F.3d at 193 (explaining that, when regulation is unambiguous, the "plain language" of the regulation controls). Accordingly, we defer to FERC's ruling and deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED